UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Milton Misael Perez y Perez,

                            Petitioner,

                v.

Noem et al.,

                            Respondents.

25-CV-4828 (DEH)

ORDER

---

DALE E. HO, United States District Judge:

Petitioner Milton Misael Perez y Perez, a citizen of Guatemala, lives in Queens, New York with his wife and two young children, one of whom is a United States citizen. Pet'r's Emergency Pet. Writ Habeas Corpus & Mot. TRO ("Pet'r's Pet.") at 2-3, ECF No. 6. On June 7, 2025, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") and temporarily detained at 26 Federal Plaza, New York, New York. Decl. Gilbert Beriso ("Beriso Decl.") ¶ 12, ECF No. 9. On June 8, 2025, while temporarily detained at 26 Federal Plaza, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO") enjoining his transfer outside of the Southern District of New York. Beriso Decl. ¶ 14; Pet'r's Pet. at 5. Later that same day, Petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey.[1] Beriso Decl. ¶ 14. This Court subsequently issued an Order (1) setting a briefing schedule for Petitioner's request for a TRO, and (2) directing that Petitioner may not be removed from the United States, so as to preserve the Court's jurisdiction. ECF No.

---

[1] The exact time that Petitioner was moved from 26 Federal Plaza, New York, NY to the Delaney Hall Detention Facility in Newark, New Jersey is unclear. Beriso Decl. ¶ 14; Pet'r's Reply Resp't's Mem. Order to Show Cause at 3, ECF No. 10. However, the parties agree that Petitioner was not moved to New Jersey until after his petition for writ of habeas corpus was filed, *see* Beriso Decl. ¶ 14, and that the petition was filed while he was detained at 26 Federal Plaza. *See* ECF No. 8 at 3; Beriso Decl. ¶ 14. There is therefore no dispute as to the Court's jurisdiction over this matter.

3.  On June 10, 2025, the Government represented in its opposition to Petitioner's request for a

TRO that Petitioner was scheduled to be transferred to a detention facility in Seattle, Washington

"as soon as practicable."  Resp't's Mem. Resp. Order to Show Cause ("Resp't's Mem.") at 4,

ECF No. 8.  Then, on the morning of June 12, 2025, at 10:28 a.m., Petitioner's counsel sent an

email to the Court informing the Court that, on the phone that same morning, Petitioner

"indicat[ed] he was going to be transferred" to Seattle, Washington.  ECF No. 12.  At 11:09 a.m.

on June 12, 2025, the Court issued an Order (1) directing that Petitioner not be removed from

New Jersey absent further order of this Court, and (2) scheduling a conference which occurred at

4:00 p.m. that same day.  ECF No. 11.  At the conference, the Government informed the Court

that it had recently learned that long-term detention space appropriate for Petitioner would soon

be opening up in this District, and that Petitioner would be transferred there shortly, as soon as

within two days (or on June 14).  The Court then issued an oral Order directing that Petitioner

not be removed from his current facility, and that he be transferred to a facility in this District as

soon as space becomes available.

The day after the conference, at 3:23 p.m. on June 13, 2025, Petitioner's counsel sent

another email to the Court stating that, due to an incident at Delaney Hall, Petitioner was

apparently being transferred to Texas.  The Government promptly responded via email at 3:44

p.m., informing the Court and Petitioner's counsel that Petitioner was being transferred to a

facility located in the Southern District of New York in accordance with the Court's oral ruling

on June 12, 2025 and the instant Order.[2]

The Court now issues this Order to memorialize its oral ruling from the June 12, 2025,

conference, and to confirm various scheduling matters.

---

[2] The Court commends counsel for their candor and diligence in ensuring that the Court
is kept informed of events, which have developed quickly in this matter.

As stated on the record, in light of the "equitable and flexible nature of habeas relief" and pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, it is hereby **ORDERED** that Petitioner shall not be transferred from the District of New Jersey until space becomes available in the Southern District of New York. At that time, Petitioner shall be transferred to this District. *See Ozturk v. Trump*, No. 25 Civ. 374, 2025 WL 1145250, at *15 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); Order, *Westley v. Harper*, No. 25 Civ. 229 (E.D. La. Feb. 2, 2025), ECF No. 7 (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); Order, *Sillah v. Barr*, No. 19 Civ. 1747 (S.D.N.Y. Feb. 25, 2019), ECF No. 6 (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); Order, *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999 (S.D. Fl. July 26, 2020), ECF No. 13 (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

In light of Petitioner's interests in participating in further proceedings before this Court and in maintaining adequate access to legal counsel through these proceedings, Petitioner shall not be subsequently transferred except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See Ozturk*, 136 F.4th at 402 ("Permitting [the petitioner's] transfer [to the district in question] will provide her

3

ready access to legal . . . services," which is necessary "to proceed expeditiously," and to protect the petitioner's "ability to participate meaningfully in her habeas proceedings").

The Government's arguments in opposition to such relief are moot or otherwise unavailing. First, the Government stated that appropriate long-term detention facilities in New Jersey (Delaney Hall in Newark) and in the Southern District of New York (at Orange County Jail) "are at or over capacity for [Petitioner's] risk classification," Resp't's Mem. at 4, which the Government clarified during the conference is "low"—i.e., the lowest of three tiers of such classifications. But as the Government explained at the conference, circumstances have changed and the Government now expects appropriate space to become available in this District at the Orange County Jail, perhaps as early as tomorrow, June 14, 2025. And the Government has indicated that it already intends to move Petitioner to that facility at that time. The Government's capacity-based objection is therefore moot.

Second, the Government attempts to distinguish this case from *Ozturk*, in which the Second Circuit declined to issue a writ of mandamus or to stay a district court's order directing the transfer of a habeas petitioner in immigration detention from Louisiana to Vermont, noting that the petitioner in *Ozturk* had "an expeditious schedule for a bail hearing," and an "interest in participating in her scheduled habeas proceedings in person." *Id.* at 7 n.5 (quoting *Ozturk*, 136 F.4th at 387-88). But both of those things are also true here. As in *Ozturk*, Petitioner in this case intends to make an application for bail on an expeditious timeline and will file his application on June 20, 2025. His counsel also stated on the record that Petitioner seeks to participate in his habeas proceedings in person, and that his ability to provide adequate representation to Petitioner will be harmed if Petitioner is transferred to a location that renders in-person contact impossible. The Government states that "Petitioner's case does not require his presence at this time," *id.*, but does not directly refute the representations of Petitioner's counsel that he cannot provide

4

adequate legal representation to Petitioner in this case if Petitioner is transferred to a remote location rendering in-person contact impossible, *see Ozturk*, 136 F.4th at 402.

Finally, to the extent that the Government might raise any countervailing concerns about the logistics of housing the Petitioner in this District, those would be belied by the Government's now-stated intention to house Petitioner here.

As also stated on the record at the conference, it is further **ORDERED** that Petitioner shall submit any bail application to this Court by **June 20, 2025**, with the Government submitting any reply by **June 27, 2025**.  The parties are also **ORDERED** to submit a joint status letter no later than **July 1, 2025**, providing the parties' proposed schedule for briefing on the merits of Petitioner's pending habeas petition.  Petitioner's motion for a temporary restraining order, *see* ECF No. 6, is accordingly **DENIED AS MOOT**.  The conference currently scheduled for **July 8, 2025 at 10:30 A.M.** is **ADJOURNED SINE DINE**.


SO ORDERED.

Dated: June 13, 2025
       New York, New York

_____
       DALE E. HO
       United States District Judge