UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON MISAEL PEREZ Y PEREZ,<br><br>                   Petitioner,<br><br>        v.<br><br>DONALD J. TRUMP, et al.,<br><br>                   Respondents. | 25 Civ. 4828 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

On June 8, 2025, Petitioner Milton Misael Perez y Perez ("Petitioner" or "Mr. Perez y Perez") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE"). *See* Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1. For the reasons stated herein, the Petition is **DENIED**.

## FACTUAL BACKGROUND[1]

Mr. Perez y Perez is a native and citizen of Guatemala. *See* Pet. ¶ 1. He entered the United States without valid travel documents on or about March 27, 2019. *See* Resp'ts' Mem. Opp'n to Am. Pet. ("Second Opp'n") at 2, ECF No. 28.[2] That day, Customs and Border Protection ("CBP") placed him in custody. *Id.* at 2-3. The next day, on March 28, 2019, CBP served Mr. Perez y Perez with a Notice to Appear ("NTA"), charging him with removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he was "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document." *Id*. at 3

---

[1] The factual discussion in this Opinion is relatively brief, as the Court recites only those facts that are necessary to understand its decision.

[2] For ease of reference, and because Petitioner does not contest the factual assertions in the Government's Second Opposition, ECF No. 28, the Court cites to the Government's Second Opposition brief rather than the factual materials attached to and cited by it as exhibits.

(quoting Ex. A, ECF No. 26-1). He subsequently applied for asylum and withholding of removal, and appeared in immigration court for various hearings over the next several months. *See id.* at 3-4.

On November 19, 2019, Mr. Perez y Perez appeared for a merits hearing on his application for asylum and withholding of removal. *See id.* at 4. The immigration judge denied the application that day and ordered him removed to Guatemala. *Id*. "Petitioner filed an appeal of the denial of his application for asylum and withholding of removal with the Board of Immigration Appeals ('BIA') on December 17, 2019." *See id.* at 5. "The BIA dismissed his appeal on September 22, 2020, rendering his removal order final." *Id.* On October 21, 2020, Mr. Perez y Perez filed a petition for review with the Court of Appeals for the Ninth Circuit, but for reasons that are unclear from the record, the case was administratively closed on March 30, 2022. *See id.* "On August 7, 2025, the government moved to reopen the administratively closed case; that motion remains pending at this time." *Id.* "On January 31, 2025, Petitioner filed a motion to reopen his removal proceedings with the BIA, which remains pending at this time." *Id.* at 6.

On June 7, 2025, Mr. Perez y Perez reported to a regular check-in at an office for a contractor with ICE, pursuant to ICE's Intensive Supervision Appearance Program. *See* Pet. ¶ 2; Second Opp'n at 6. That day, he was "detained so that ICE could pursue travel documents and prepare to execute his administratively final removal order, barring subsequent legal impediment," and "was served with a Warrant of Removal/Deportation and a Warning to Alien Ordered Removed or Deported." Second Opp'n at 6. On June 12, 2025, ICE came into possession of Mr. Perez y Perez's Guatemalan passport, and currently "intends to remove Petitioner within a few days" if this Petition is denied. *Id.*

2

## PROCEDURAL BACKGROUND

The original Petition was filed on June 8, 2025. Respondents filed their Opposition on June 10, 2025, and Petitioner filed his Reply on June 11, 2025. *See* Resp'ts' Mem. Opp'n ("First Opp'n"), ECF No. 8; Pet'r's Reply ("Reply"), ECF No. 10. Pursuant to a schedule proposed by the parties and adopted by the Court, Mr. Perez y Perez was ordered to file an amended petition on July 18, 2025. *See* ECF No. 18. After he failed to meet that deadline, the Court adopted another schedule proposed by the parties, under which Petitioner would file an amended petition no later than August 22, 2025, Respondents' response would be due by August 29, 2025, and Petitioner's reply would be due on September 2, 2025. *See* ECF No. 20.

The Amended Petition, ECF No. 24, was served on the Government on August 26, 2025, *see* ECF No. 22, and then filed on the docket, *see* ECF No. 23. The Court issued an Order directing the Government to submit its Opposition by September 3, 2025, and Petitioner to file a reply by September 6, 2025. *See* ECF No. 25. Respondents timely filed their Opposition on September 3, *see* Second Opp'n, but Petitioner did not file his Reply by the September 6 filing deadline. The Court then issued an order *sua sponte* extending time for Mr. Perez y Perez to file a reply until September 15, 2025, and warning that if no Reply was filed, the Court would deem the Amended Petition fully briefed as of that date. *See* ECF No. 30. No such reply was filed, and the Court deems the Amended Petition fully briefed.

## DISCUSSION

Generally speaking, courts lack jurisdiction to hear claims challenging the execution of a valid final order of removal. 8 U.S.C. § 1252(g) ("Section 1252(g)") provides that, "[n]otwithstanding any other provision of law," including "any . . . habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or

execute removal orders against any alien."[3]  The Supreme Court has emphasized that, by its terms, the statute narrowly "applies only to three discrete actions:" the Government's "'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 486 (1999) (quoting 8 U.S.C. § 1252(g)) (emphases in original decision).

Here, Mr. Perez y Perez does not deny that he is subject to a final order of removal.  *See generally* Reply.  Nor does he deny that the relief he seeks is with respect to the Government's effort to execute that final order of removal. *See id.*  His request for relief therefore "falls squarely within one of the 'three discrete actions' to which Section 1252(g) applies; the execution of removal orders.  *Vidhja v. Whitaker*, No. 19 Civ. 613, 2019 WL 1090369, at *4 (S.D.N.Y. Mar. 6, 2019) (quoting *Reno*, 525 U.S. at 482).[4]  Accordingly, the Court lacks jurisdiction to hear his claim.

---

[3]  "The Second Circuit has clearly stated that while § 1252 'strips jurisdiction over a substantive discretionary decision, [it] does not strip jurisdiction over procedural challenges.'" *Munoz Materano v. Arteta*, 25 Civ. 6137, 2025 WL 2630826, at *9–10 (S.D.N.Y. Sep. 12, 2025) (quoting *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015) (finding that the court had jurisdiction to review petitioner's claim that respondent "erred procedurally" in revoking an employment visa petition on grounds that it "violated its own regulations by providing insufficient notice of the revocation").  Federal courts can review "how [the respondents] exercise their discretion because such a claim does not ask why the Secretary chose to execute the removal order but rather whether the way [the respondents] acted accords with the Constitution and the laws of this country." *Torres-Jurado v. Biden*, 19 Civ. 3595, 2023 WL 7130898, at *2 (S.D.N.Y. Oct. 29, 2023) (citation omitted) (granting petitioner's motion for a stay of removal).  Because Petitioner does not challenge the procedure by which Respondents executed his Order of Removal, this Court lacks jurisdiction.

[4] The parties do not address, nor does the Court find reason to consider under the facts of this case, whether and if so, under what circumstances, the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, might nonetheless entitle a person who is subject to a final order of removal to the privilege of the writ of habeas corpus.  *See Ragbir v. Homan*, 923 F.3d 53, 73 (2d Cir. 2019), *cert. granted, judgment vacated sub nom.*, *Pham v. Ragbir*, 141 S. Ct. 227 (2020) (mem.).

## CONCLUSION

For the foregoing reasons, Mr. Perez y Perez's petition for a writ of habeas corpus is **DENIED**. The Court's initial order enjoining Petitioner's removal from the United States in order to preserve the Court's jurisdiction to review his Petition, ECF No. 3, is **VACATED**. The Clerk of Court is respectfully directed to terminate this case.

Dated: November 18, 2025
New York, New York

_____
DALE E. HO
United States District Judge
